Aguiar, J.
This appeal raises the issue of whether the Court erred in granting summary judgment to the defendant on plaintiff’s complaint for damages under M.G.L.C. 93A and 176D.
*185 We find no-error.
This appeal further raises the issue of whether the Court erred in assessing costs against the plaintiff.
We find no error.
This is a suit for bodily injuries sustained by the plaintiff in a motor vehicle accident that occurred in New Hampshire on August 26, 1990. The operator of the vehicle that was involved in the collision with the plaintiff was Linda Dennett and at the time of the accident, Linda Dennett was insured by the defendant. Plaintiff presented defendant with a settlement demand for $55,000.00. Defendant’s offer in response to this demand was $5,000.00. On or about May 9, 1992, plaintiff forwarded a M.G.L.C. 93A demand letter to the defendant demanding an immediate written offer of the full policy.
Negotiations were conducted by the parties concerning the possibility of submitting the matter to binding arbitration. The matter never proceeded to arbitration as counsel for both sides could not agree on the terms of said arbitration. On or about October 6,1992, plaintiff filed his 93A action against the defendant (State Farm) in Brockton District Court.
A complaint in the underlying case was filed in the Federal District Court in New Hampshire. This case was captioned as Brian Manning v. Linda Dennett-Erickson, C.A. No. 1:93-CV-00453-B. On April 18, 1996, a jury returned a verdict in the amount of $2,343.00 against defendant, Linda Dennett-Erickson. The medical expenses in the case were for chiropractic services only.
Defendant (State Farm) moved for summary judgment in the c. 93A action pending before the Brockton District Court on the grounds that, as a matter of law, there was (1) no evidence to support the plaintiff’s theory that State Farm violated ch. 93A and 176D and (2) that the plaintiff’s May 9,1992 demand letter was inadequate.
Plaintiff’s attorney filed an affidavit in opposition to the motion for summary judgment alleging that an oral agreement to binding arbitration was made with a $55,000.00/$5,000.00 “high/low” arrangement and further, that prejudgement interest would attach to any award awarded by said arbitrator. State Farm adamantly denied plaintiff’s allegations that it agreed to submit the matter to binding arbitration. Rather, State Farm submitted that the negotiations regarding the possibility of submitting the matter to arbitration broke down because State Farm would not agree to pay any interest on the arbitrator’s award.
The motion for summary judgment was allowed by the Court on February 6, 1997 and a motion for costs was allowed on March 24, 1997. On March 28,1997, plaintiff appealed on both matters.
The decision of the Court in allowing State Farm’s motion for summary judgment should be upheld because Attorney Grady’s affidavit does not create a genuine issue of material fact.
Plaintiff’s c. 93A demand letter, which purportedly articulated his grievances against State Farm in reference to the handling of his claim, was filed on May 9, 1992. The subject complaint was filed in District Court on October 27,1992. The complaint has never been amended. This complaint alleges in part that State Farm engaged in bad faith by requiring a ceiling to be placed on binding arbitration. There is no mention in either the 93A letter or the complaint that State Farm engaged in unfair settlement practices because its counsel originally agreed to pay interest at an arbitration hearing and subsequently reneged on this agreement.
The affidavit of Attorney Grady, plaintiff’s lawyer, does not contain facts which create a genuine issue of material fact because it deals with alleged misrepresentations that clearly lie outside the dates covered by both the M.G.Lc. 93A demand letter and the subject complaint. The demand letter was sent on May 29,1992 and by definition it cannot concern any incidents of unfair practice that occurred after the date of the letter. The complaint was filed on October 6, 1992 and the latest *186 date referred to in the body of the complaint is August 11, 1992. The affidavit of Attorney Grady concerns alleged conversations with Attorney Lawler (counsel for State Farm) that took place in December 1992 and thereafter. All of these alleged conversations, which are described by Attorney Grady in his affidavit, concern events that allegedly occurred after the filing of the subject lawsuit. Since the subject demand letter and the subject complaint do not mention any alleged misrepresentations made by Attorney Lawler to Attorney Grady, these alleged misrepresentations have no relevance whatsoever to this particular matter.
Plaintiffs demand letter was inadequate as a matter of law. An adequate demand letter is a jurisdictional prerequisite to any claim brought under c. 93A by a consumer plaintiff, Thorpe v. Mutual of Omaha Insurance Co., 984 F. 2d 541, 544 (1st Circuit) Mass. (1993). A demand letter under c. 93A must reasonably describe not only the alleged unfair or deceptive act or practice, but also the claimed injury. See M.G.Lc. 93A, §9(3).
Plaintiffs c. 93A letter states that plaintiff suffered significant personal injuries in the August 26, 1990 accident and incurred medical expenses in excess of $2,654.00 and lost wages of $6,800.00, This demand letter also made reference to a $55,000.00 demand and to State Farm’s $5,000.00 settlement offer. This particular letter made no mention of State Farm’s alleged unfair and deceptive act of not willing to agree to arbitrate the matter. Nor did it make any mention to the alleged unfair act of requiring a ceiling to be placed on the binding arbitration, “so as to limit the recovery to the plaintiff.” Nor did it make any reference to any alleged misrepresentations made by State Farm’s counsel in regard to agreeing to enter into an arbitration hearing in which interest would be paid on the award granted by the arbitrator and then backing out of said agreement. Rather, this demand letter simply states that the offer is inadequate because of the amount offered.
The verdict by the jury in the underlying tort case, which was tried in the United States District Court of New Hampshire, brought forth a verdict of $2,353.00. This verdict, combined with the fact that there is no mention of language in the purported 93A letter regarding arbitration or any alleged misrepresentations made by State Farm s counsel, is clear evidence that State Farm did not violate chapter 93A and 176D because the eventual jury award was less than the offer originally tendered by State Farm.
In addition, Rule 4 of the District/Municipal Court’s Rules for Appellate Division Appeals specifically states that a notice of appeal, together with the required filing fee, shall be filed with the Trial Court within ten days after the entry of the judgment. Plaintiff did not meet the requirements of this rule in regard to the subject summary judgment motion.
Accordingly, plaintiff’s appeal of the allowance of State Farm’s motion for summary judgment should be denied because it is untimely.
The Court’s allowance of State Farm’s motion for costs in the amount of $477.00 should be upheld because M.G.Lc. 261, §26, clearly states that the prevailing party is entitled to recover statutory costs in District Court, and further under Mass. R. Civ. R, Rule 54(e), the prevailing party is allowed to recover costs associated with the taking of a deposition, subject to the discretion of the Court, as long as the Court finds that “the taking of the deposition was necessary.” This motion was presented with the affidavit of Attorney Lawler which articulated the costs that fell under the aforementioned rules and further stated that the costs were necessary for the proper defense of the case.
There was no error.
The motion for summary judgment and for costs is upheld and the appeal is dismissed.